UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                              Case No. 07-11288-DHW
                                                                                   Chapter 13
CHENELLE MAGWOOD,

      Debtor.

**MEMORANDUM OPINION**

American Dream Used Cars, L.L.C. ("American Dream") filed a motion for relief from the automatic stay (Doc. #20) to exercise its right under 11 U.S.C. § 546(c)(1) to reclaim a vehicle sold to the debtor. The debtor objects to the motion (Doc. #23). Upon consideration of the relevant facts, the law, and the respective briefs of the parties, the court concludes that relief from the stay is due to be denied.

**Jurisdiction**

This court's jurisdiction stems from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Further, because the issue concerns relief from the automatic stay, this is a core proceeding under 28 U.S.C. § 157(b)(2)(G) thereby extending this court's jurisdiction to the entry of a final order or judgment.

**Undisputed Facts**

The relevant facts are undisputed, and they are summarized as follows.

American Dream is a used car dealer and sells vehicles to customers in the ordinary course of its business. On August 11, 2007, the debtor purchased a 1991 Cadillac DeVille from American Dream. The debtor made a down payment. American Dream financed the balance of the purchase price and reserved a security interest in the vehicle. The debtor purchased the vehicle for her own personal use, and she is not in the business of buying or selling vehicles.

The debtor filed this chapter 13 case on September 18, 2007. On October

5, 2007, American Dream filed a "NOTICE PURSUANT TO 11 USC § 546(c)(1)" (Doc. #17) giving the debtor and the trustee notice of its demand for reclamation of the 1991 Cadillac. Then, on November 15, 2007, American Dream filed the instant motion for relief from stay in order to exercise its statutory reclamation right.

**Conclusions of Law**

The parties agree that this case presents a single legal issue —that is, whether a sale must have been in the ordinary course of business of both the buyer and seller to give the seller a right of reclamation. The debtor contends that the sale must have been in the ordinary course of business of both and that she is not in the business of buying automobiles. American Dream disputes the debtor's contention, maintaining that the sale need only be made in the ordinary course of the seller's business.[1] However, upon careful consideration of the matter, the court need not address the question as framed by the parties and will resolve this dispute following a different rationale.

The starting point for this analysis is 11 U.S.C. § 546. That section of the Code was amended in 2005 by the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (Pub. L. No. 109-8) ("BAPCPA"). The statute currently provides:

> (c)(1) Except as provided in subsection (d) of this section and in section 507(c), and subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof, the rights and powers of the trustee under sections 544(a), 545, 547, and 549 are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such seller may not reclaim such goods unless such seller demands in writing reclamation of such goods—

---

[1] The seller does not meet the requirements for an administrative claim under 11 U.S.C. § 503(b)(9) because, *inter alia*, the debtor is not in the business of buying vehicles.

2

(A) not later than 45 days after the date of receipt of such goods by the debtor; or
(B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

11 U.S.C. § 546(c)(1).

The primary purpose of § 546(c) is to place limitations on a trustee's avoiding powers. Indeed, the section is titled "Limitations on avoiding powers." The statute does not create a substantive federal right of reclamation. *See In re Dana Corp.*, 367 B.R. 409 (Bankr. S.D.N.Y. 2007).

In the case at bar, there has been no re-transfer of the goods to the seller, American Dream, pursuant to its state law right of reclamation as expanded by § 546. It follows that § 546, which merely limits a trustee's powers to avoid a reclamation, is not implicated because no reclamation has occurred.

These conclusions are bolstered by the provisions of 11 U.S.C. § 362 relating to the automatic stay. The filing of a petition for relief under title 11 operates as a stay of an action or act to collect a pre-petition debt. *See* § 362(a)(1) and (6). Exceptions to the automatic stay are found in subsection (b) of § 362. The court can find no exception to the stay for sellers exercising a right of reclamation. It follows that the seller's right to reclaim goods is stayed upon the debtor's filing of a petition for relief under title 11.

American Dream premises its motion for stay relief solely on its right to reclaim the vehicle and does not assert any grounds for relief under 11 U.S.C. § 362(d)(1) and (2). It does not contend that there is no equity in the vehicle and that the vehicle is not necessary for the debtor's reorganization. Neither does it contend that its interest is not adequately protected. *See* 11 U.S.C. § 362(d)(1) and (2).[2]

---

[2] Under the pre-BAPCPA version of § 546, the court had no discretion to deny reclamation without granting a lien or administrative claim to the creditor. This limitation was removed by BAPCPA. The removal indicates that the traditional analysis of 11 U.S.C. § 362(d) should govern a request for relief from the stay in order

3

## Conclusion

For these reasons, American Dream's motion is not well taken. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter denying the motion for relief from stay.

Done this 22nd day of February, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
  Michael D. Brock, Attorney for Debtor
  Holly L. Sawyer, Attorney for Creditor
  Curtis C. Reding, Trustee

---

to reclaim goods from a chapter 13 debtor (who has no avoidance powers). *See* 11 U.S.C. §§ 1303 and 1304.

4